1  KAREN P. HEWITT
   United States Attorney
2  LUELLA M. CALDITO
   Assistant U.S. Attorney
3  California State Bar No. 215953
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7035
   Luella.Caldito@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CRIM. CASE NO. 08CR2580-WQH |
|---|---|
| Plaintiff, | ) DATE: September 15, 2008 <br> ) TIME: 2:00 p.m. |
| v. | ) GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |
| RUBEN LOPEZ-SOLORIO, | ) |
| Defendant. | ) |

### NOTICE OF MOTION

TO:   Michael Messina, counsel for defendant, Ruben Lopez-Solorio,

PLEASE TAKE NOTICE that on Monday, September 15, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, will move the court for an order granting the Government's Motion for Reciprocal Discovery and Motion to Compel Fingerprint Exemplars.

<u>MOTION</u>

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, will hereby move the court for an order granting the Government's Motion for Reciprocal Discovery and Motion to Compel Fingerprint Exemplars.

DATED:     August 25, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Luella M. Caldito
LUELLA M. CALDITO
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Luella.Caldito@usdoj.gov

KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> RUBEN LOPEZ-SOLORIO, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CRIM. CASE NO.   08CR2580-WQH <br><br> DATE:         September 15, 2008 <br> TIME:         2:00 p.m. <br><br> STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On August 6, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Ruben Lopez-Solorio ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326.  The Indictment further alleged that Defendant

had been removed from the United States subsequent to May 31, 1991. Defendant was arraigned on the Indictment on August 7, 2008, and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A.   THE INSTANT OFFENSE

On July 9, 2008, at approximately 6:35 a.m., Remote Video Surveillance System (RVSS) operators observed a group of eight individuals illegally entering the United States from Mexico by crossing the All-American Canal in a raft. The RVSS operators informed Border Patrol agents that the group was illegally entering the United States. Border Patrol Agent Julio Gutierrez responded to the area and observed the individuals attempting to conceal themselves.

Agent Gutierrez conducted a field immigration interview of all the individuals in the group. All individuals, including Defendant, admitted that they were citizens of Mexico without valid immigration documents that would allow them to legally enter or remain in the United States. Defendant was arrested and transported to the Calexico Border Patrol station.

Defendant's fingerprints were entered in the IAFIS system (Integrated Automated Fingerprint Identification System) and the IDENT system (Automated Biometric Identification System), which revealed that Defendant had a criminal history and had been previously deported from the United States.

At approximately 10:54 a.m., Defendant was advised of his Miranda rights which he acknowledged and waived. Defendant again stated that he was a citizen of Mexico and did not have any legal documents that would allow him to work or reside in the United States. Defendant further stated that he illegally entered the United States by crossing a canal. Additionally, Defendant stated that he was deported approximately one month ago and that he had not asked permission to reenter the United States.

### B.   DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico. On January 12, 1998, Defendant was ordered deported from the United States to Mexico. In that same order, the immigration judge denied Defendant's application for waiver under Section 212(c) of the Immigration and Nationality Act. On July 24, 2002, the Board

of Immigration Appeals also denied Defendant's application for relief under § 212(c). Defendant was subsequently removed from the United States to Mexico on June 2, 2008 via the San Ysidro, California Port of Entry.

### C.    DEFENDANT'S CRIMINAL HISTORY

Defendant was convicted, after a jury trial, for sale of cocaine, in violation of California Health and Safety Code § 11352, and transportation of cocaine, in violation of California Health and Safety Code § 11352. On October 17, 1991, Defendant was sentenced to a total of seven years for both convictions.

## III

## GOVERNMENT'S MOTIONS

### A.    MOTION FOR RECIPROCAL DISCOVERY

#### A.    RULE 16(b)

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with a defense request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.     RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.     Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).  Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

## IV
## **CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: August 25, 2008.

        Respectfully Submitted,

        KAREN P. HEWITT
        United States Attorney

        /s/ Luella M. Caldito

        LUELLA M. CALDITO
        Assistant U.S. Attorney
        Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                       )<br>                    Plaintiff,         )<br>                                                       )<br>         v.                                           )<br>                                                       )<br>RUBEN LOPEZ-SOLORIO,              )<br>                                                       )<br>                    Defendant.      )<br>_____) | Case No. 08CR2580-WQH<br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Michael Messina

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on August 25, 2008.


                                                  /s/ Luella M. Caldito
                                                LUELLA M. CALDITO